**FILED**
FEB 1 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COURTNEY ANTHONY BAILEY, :
:
    Plaintiff, :
v. : Civil Action No. 09 0255
:
ALAN KAY, :
:
    Defendant. :

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss the complaint.

Plaintiff alleges that, after charges against him were dismissed by the Superior Court of the District of Columbia on February 17, 2005, he was detained at the D.C. Jail "for a period of 72 hours so that the State of Maryland could obtain custody of Plaintiff" pursuant to an outstanding warrant. Compl. at 3. He further alleges that, during this 72-hour period, Deputy United States Marshals "executed a federal arrest warrant over Plaintiff's person," and thereafter Plaintiff appeared before Magistrate Judge Alan Kay. *Id.* It appears that Magistrate Judge Kay held Plaintiff without bond and signed an Order committing him to the District of Maryland. *Id.* at 3-4 & Ex. D (Commitment to Another District, Case No. 05-086M-01). In the United States District Court for the District of Maryland, Plaintiff pled guilty to one count of possession with intent to distribute controlled substances, and Plaintiff now faces removal from the United States pursuant to the January 31, 2008 Order of a United States Immigration Judge. *Id.* & Ex. H (excerpt from Order of Deportation). In this action, Plaintiff challenges the validity Magistrate



3

Judge Kay's Orders and demands injunctive relief such that Magistrate Judge Kay "take such affirmative steps as may be necessary to remedy the past unlawful conduct," and that "all federal agencies are enjoined "from enforcing or executing any judgment, order, decree, detainer, or rule which stems from [Magistrate Judge] Kay's void orders." Compl. at 12.

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been submitted to the Court. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *Flynn v. 3900 Watson Place, Inc.*, 63 F. Supp. 2d 18, 22 (D.D.C. 1999) (quoting *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618 (D.C. 1999)).

Here, review of this Court's docket shows that plaintiff either has raised or has had an opportunity to raise the claims set forth in the instant complaint. *See Bailey v. Kay*, No. 08-0369, 2008 WL 576781, at *1 (D.D.C. Feb. 29, 2008) (Memorandum Opinion and Order dismissing complaint with prejudice under 28 U.S.C. § 1915A(b)(2)), *aff'd*, No. 08-5066, 2008 WL 4552141 (D.C. Cir. Oct. 10, 2008) (per curiam). It is clear that Plaintiff had a prior opportunity to seek injunctive relief, and, instead, sought only monetary damages from a defendant who is immune from such a lawsuit. *See, e.g., Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988). The Court therefore concludes that Plaintiff's claims are barred under the doctrine of *res judicata*. *See, e.g., Bodnar v. Chidester*, No. 3:07 CV 0248, 2007 WL 1667948,

at * (N.D. Ind. June 7, 2007) (concluding that prior dismissal with prejudice of claims against a state court judge barred subsequent claims against the same judge). Accordingly, the Court will dismiss this action with prejudice. An Order consistent with this Memorandum is issued separately on this same date.

_____
United States District Judge

Date: Jan. 28, 2009